## UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

In Re:

PDG PRESTIGE, INC.,

    Debtor.

Case No. 21-30107-hcm

---

LEGALIST DIP GP, LLC,

    Plaintiff,

v.

PDG PRESTIGE, INC. and,
MICHAEL DIXSON, INDIVIDUALLY,

    Defendants.

Adversary No. 23-03004-hcm

## DEFENDANTS' MOTION TO DISMISS
## FOR LACK OF SUBJECT MATTER JURISDICTION

1.    COMES NOW, Defendants PDG Prestige, Inc. and Michael Dixson, individually, by and through their attorneys of record, Martin & Lutz, P.C., by David P. Lutz, pursuant to Federal Rule of Bankruptcy Procedure 7012(b) and files this Motion to Dismiss for Lack of Subject Matter Jurisdiction.

### I.

### INTRODUCTION

2.    Plaintiff has filed an Original Complaint post-confirmation against Reorganized Debtor PDG Prestige, Inc. and Michael Dixson individually. Plaintiff's Original Complaint contains four counts: (1) Fraud; (2) Fraudulent Transfer; (3) Money Had and Received; and (4) Recovery of Post-Petition Transfers.

3. With respect to the state law claims for Fraud, Fraudulent Transfer, and Money Had and Received, the allegations principally deal with post-confirmation relation between the parties. There was no claim pending between the parties as of the date of the reorganization. No facts or law deriving from the reorganization of the plan are necessary to the claims. Therefore, they are subject to dismissal for lack of subject matter jurisdiction.

4. With respect to the fourth claim for Recover of Post-Petition Transfers, while that claim is brought under the United States Bankruptcy Code, the statutes in question provide the power to bring such claims explicitly to the Trustee. Plaintiff does not have standing to pursue such a claim.

## II.

## ARGUMENTS AND AUTHORITIES

5. Federal courts have an ongoing duty to examine their subject-matter jurisdiction, whether the issue is raised by the parties or sua sponte by the court. *MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990). In *Stern v. Marshall*, the Supreme Court held that a bankruptcy court must have both statutory and constitutional authority to enter final judgment on certain state law claims. *Stern v. Marshall*, 131 S. Ct. 2594, 2611 (2011) (finding that the bankruptcy court lacked the "judicial Power of the United States" under Article III of the United States Constitution to enter final judgment on a state law counterclaim)(emphasis added).

**A. The Background Facts Establish the Claims Made Are Post-Confirmation Claims.**

6. This Court entered the Order Confirming Second Amended Plan of Reorganization of PDG Prestige, Inc. Dated March 29, 2022 as Modified on March 31, 2022. *See*, Plaintiff's Original Complaint, at ¶ 17.

2

7. According to Plaintiff's Original Complaint, after confirmation, on April 12, 2022, PDG Prestige, Inc. requested Plaintiff to execute a partial Lien Release as to Lot 1A of the Mesilla Valley Mall Subdivision Replat No. 5. *Id.* at ¶¶ 33 - 34.

8. Plaintiff alleges that PDG Prestige, Inc. "made misrepresentations to Legalist regarding how PDG [Prestige, Inc.] intended to use" the proceeds of the sale of Lot 1A to induce Legalist to execute the partial Lien Release. *See, Id.* at ¶ 66.

9. Plaintiff executed the partial lien release on April 14, 2022. The sale of Lot 1A to a third party, FSLRO 510 South Telshor, LLC, closed on May 31, 2022. *See, Id.* at ¶¶ 35 - 39.

10. Plaintiff alleges that Michael Dixson and PDG Prestige, Inc. then used the proceeds from the sale of Lot 1A for different purposes than what was represented, including for personal expenses for the benefit of Mr. Dixson and other projects that did not involve PDG Prestige, Inc.. *See, Id.* at ¶¶ 40 - 49.

**B.     This Court's Post-Confirmation Jurisdiction is Limited.**

11. Congress has vested "limited authority" in bankruptcy courts. *Bd. of Governors v. MCorp Fin., Inc.*, 502 U.S. 32, 40, 112 S.Ct. 459, 116 L.Ed.2d 358 (1991). Bankruptcy courts fall outside of the constitutional authority of Article III and derive their authority from federal statutes. *See N. Pipeline Constr. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 60-87, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982) (plurality opinion). There are significant restrictions on what functions can be constitutionally delegated to these courts. *See, Id.* at 63-87, 102 S.Ct. 2858. "[T]he source of the bankruptcy court's subject matter jurisdiction is neither the Bankruptcy Code nor the express terms of the Plan. The source of the bankruptcy court's jurisdiction is 28 U.S.C. §§ 1334 and 157." *United States Brass Corp. v. Travelers Ins. Group, Inc. (In re United States Brass Corp.)*, 301 F.3d 296, 303

3

(5th Cir.2002).

12. After confirmation of a reorganization plan, retention of bankruptcy jurisdiction is diminished. *See Bank of La. v. Craig's Stores of Tex., Inc.* (In re Craig's Stores of Tex., Inc.), 266 F.3d 388, 391 (5th Cir.2001); *In re Fairfield Cmtys., Inc.*, 142 F.3d 1093, 1095-96 (8th Cir.1998). At the most literal level, it is impossible for the bankrupt debtor's estate to be affected by a post-confirmation dispute because the debtor's estate ceases to exist once confirmation has occurred. *See In re Fairfield Cmtys.*, 142 F.3d at 1095 (holding that once a bankrupt debtor's plan has been confirmed the debtor's estate ceases to exist). Once a plan is confirmed, it is assumed the reorganized debtor is becoming self-sufficient, and no longer needs umbrella protection from the bankruptcy court. *Pettibone Corp. v. Easley*, 935 F.2d 120, 122 (7th Cir.1991). Additionally, there is no estate, as property reverts to the reorganized debtor. 11 U.S.C. § 1141(b); *Rickel & Assocs., Inc. v. Smith* (In re Rickel & Assocs., Inc.), 272 B.R. 74, 97–98 (Bankr.S.D.N.Y.2002). Unless otherwise provided by the plan or order confirming the plan, "the confirmation of a plan vests all of the property of the estate" in the reorganized debtor. 11 U.S.C. § 1141(b). *See also NVF Co. v. New Castle County*, 276 B.R. 340, 348 (D.Del.2002) (holding that the confirmation of a plan revests the estate's property in the reorganized debtor, and accordingly, the bankruptcy estate "no longer existed").

13. Subject matter jurisdiction "cannot be conferred by consent" of the parties. *Coffin v. Malvern Fed. Sav. Bank*, 90 F.3d 851, 854 (3d Cir.1996). Where a court lacks subject matter jurisdiction over a dispute, the parties cannot create it by agreement even in a plan of reorganization. *In re Continental Airlines, Inc.*, 236 B.R. 318, 323 (Bankr.D.Del.1999), aff'd, 2000 WL 1425751 (D.Del. September 12, 2000), aff'd, 279 F.3d 226 (3rd Cir.2002). Similarly, if a court lacks

4

jurisdiction over a dispute, it cannot create that jurisdiction by simply stating it has jurisdiction in a confirmation or other order. *Id.*; accord *United States Trustee v. Gryphon at the Stone Mansion*, 216 B.R. 764, 769 (W.D.Pa.1997) ("A retention of jurisdiction provision within a confirmed plan does not grant a bankruptcy court jurisdiction."), aff'd, 166 F.3d 552 (3d Cir.1999). Bankruptcy courts can only act in proceedings within their jurisdiction. *Donaldson v. Bernstein*, 104 F.3d 547, 552 (3d Cir.1997).

14. The question of subject matter jurisdiction does not necessarily depend upon the status of a proceeding as an alleged core proceeding. *See, In re: Marcus Hook Dev. Park, Inc.*; 943 F.2d 261, 266 (3rd. Cir. 1991) ("[w]hether a particular proceeding is core represents a question wholly separate from that of subject-matter jurisdiction.").

15. In this case, the March 31, 2022 Order Confirming Second Amended Plan of Reorganization [of] PDG Prestige, Inc. contains basic language found in virtually any plan of reorganization. It provides that it incorporates Section 13.1 of the Plan that indicates that this Court may "hear and implement such orders as may be necessary or appropriate to execute, interpret, implement, consummate, or enforce the Plan and the transactions contemplated thereunder."

16. The Fifth Circuit has analyzed the question of post-confirmation subject matter jurisdiction. The Fifth Circuit has stated that "[a]fter a debtor's reorganization plan has been confirmed, the debtor's estate, and thus bankruptcy jurisdiction, ceases to exist, other than for matters pertaining to the implementation or execution of the plan." *In re Craig's Stores of Texas, Inc.*, 266 F.3d 388, 390 (5th Cir.2001) (citations omitted).

17. The plaintiff in *Craig's Stores* filed a breach of contract action in the bankruptcy court eighteen months after the court had approved the reorganization plan. The *Craig's Stores* Court held

5

that there was no bankruptcy jurisdiction over such an action and dismissed. *Craig's Stores*, 266 F.3d at 389. Three factors were critical to its decision: first, the claims at issue "principally dealt with post-confirmation relations between the parties;" second, "[t]here was no antagonism or claim pending between the parties as of the date of the reorganization;" and third, "no facts or law deriving from the reorganization or the plan [were] necessary to the claim." *Craig's Stores*, 266 F.3d at 391.

### C. Plaintiff's State Law Claims are Subject to Dismissal For Lack of Jurisdiction.

18. Under this standard, Plaintiff's claims are subject to dismissal. Plaintiff's claims for fraud, fraudulent transfer, and money had and received all relate to post-confirmation issues related to Plaintiff's release of lien for Lot 1A, the subsequent sale of Lot 1A, and the use of the proceeds of Lot 1A.

19. There was no claim pending between the parties on March 31, 2022.

20. There are otherwise no facts or law deriving from the reorganization or the plan that are necessary to the claim. A good case example as to why can be found in *Zahn Associates, Inc. v. Leeds Building Products, Inc.* (*In re Leeds Building Products, Inc.*); 160 B.R. 689 (N.D. Georgia 1993). In that case, the Court examined its jurisdiction as to claimed breaches of promissory notes drafted to comply with the obligations set forth in the plan.

21. The Court dismissed on jurisdictional grounds. In doing so, the Court adopted the reasoning that it "has been settled law for many years that a court should play a limited role in the affairs of a reorganized debtor. Under pre-Code law, the Second Circuit, in an oft quoted passage, advised against a court's postconfirmation involvement, stating as follows:

6

We have had occasion before to deplore the tendency of District Courts to keep reorganized concerns in tutelage indefinitely by orders purporting to retain jurisdiction for a variety of purposes, extending from complete supervision of the new business to modifications of detail in the reorganization. Since the purpose of reorganization clearly is to rehabilitate the business and start it off on a new and to-be-hoped-for more successful career, it should be the objective of courts to cast off as quickly as possible all leading strings which may limit and hamper its activities and throw doubt upon its responsibility. It is not consonant with the purposes of the Act, or feasible as a judicial function, for the courts to assume to supervise a business somewhat indefinitely.

*North American Car Corp. v. Peerless Weighing & Vending Mach. Corp.*, 143 F.2d 938, 940 (2d Cir.1944) (emphasis added) (citations omitted).

22. In this case, the Texas state law claims, based in statute or common law, seek to unwind transfers from the sale of Lot 1A and enter broad-based injunctions holding the funds in place for an indeterminate period. Presumably, Plaintiff would file a separate action for judgment on any final amount it might be owed after issues of Lot 3A are resolved - currently pending before the Court in a Motion to Convert filed by Debtor and a Motion to Sell Free and Clear of Liens filed by Plaintiff. Only at that time could Plaintiff claim a right to any funds unwound as a collection action for the obligations that find their origin in the Reorganized Debtor's Plan. This is the exceedingly tenuous link to the Plan that Plaintiff will inevitably hope to argue to the Court. It is far more indirect than what the Court in *Leeds Building Products, Inc.* examined. This Court should dismiss these actions for lack of subject matter jurisdiction.

**D.  Plaintiff Lacks Standing to Pursue a Postpetition Transfer Claim.**

23. Plaintiff's fourth cause of action relates to a claim for Postpetition Transfers under 11 U.S.C. § 449 and 11 U.S.C. § 550.

24. Those statutes explicitly involves claims and powers of the Trustee. Plaintiff is not the Trustee.

7

25. Standing to sue is a doctrine rooted in the traditional understanding of a case or controversy. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). Because Plaintiff does not have standing to assert a statutory Trustee claim for Postpetition transfers, this Court lacks subject matter jurisdiction as to this claim. *See Flournoy v. Trust Co. of Columbus (In re Weaver)*, 632 F.2d 461, 462 n.6 (5th Cir. 1980) (finding that because standing is a constitutional requirement, lack of standing deprives the court of subject matter jurisdiction).

## III.

## CONCLUSION

26. Pursuant to Federal Rule of Bankruptcy Procedure 7012(b), consistent with this Motion that challenges jurisdiction, as a core proceeding or otherwise, and other than dismissal pursuant to this Motion, Defendants do not consent to final orders or judgments on the merits by this Court.

27. A proposed form of Order is attached hereto as Exhibit "A."

28. For the reasons set forth above, this Court should grant Defendants' Motion to Dismiss For Lack of Subject Matter Jurisdiction, and for such other and further relief as to the Court may deem just and equitable.

RESPECTFULLY SUBMITTED,

MARTIN & LUTZ, P.C.

By /S/David P. Lutz
    David P. Lutz
    Counsel for Defendants
    P O Drawer 1837
    Las Cruces, NM 88004
    575-526-2449
    575-526-0946 (F)

**CERTIFICATE OF SERVICE**

    I do hereby certify that a true and correct copy of the above and foregoing has been this date of July 7, 2023 served electronically to all attorneys who have requested it through the CM/ECF system.

    /S/David P. Lutz
    David P. Lutz

# Exhibit "A"

**UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

In Re:

PDG PRESTIGE, INC.,

    Debtor.

Case No. 21-30107-hcm

LEGALIST DIP GP, LLC,

    Plaintiff,

v.

PDG PRESTIGE, INC. and,
MICHAEL DIXSON, INDIVIDUALLY,

    Defendants.

Adversary No. 23-03004-hcm

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**
**FOR LACK OF SUBJECT MATTER JURISDICTION**

On July 7, 2023, a Motion to Dismiss for Lack of Subject Matter Jurisdiction ("Motion")(dkt# 4) was filed by PDG Prestige, Inc. and Michael Dixson ("Defendants"). A

Response to Motion was filed by Plaintiff Legalist DIP GP, LLC. A Reply in Support of the Motion was filed by Defendants.

The Court has considered the Motion, the Response, and the Reply. The Court finds theat the Motion should be granted and the following Order should be entered.

### IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:

1. Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction (dkt# 4) is hereby GRANTED.

2. This matter is dismissed without prejudice.

### ###END OF ORDER#####

RESPECTFULLY SUBMITTED,

MARTIN & LUTZ, P.C.

By /S/David P. Lutz
David P. Lutz
Counsel for Defendants
P O Drawer 1837
Las Cruces, NM 88004
575-526-2449
575-526-0946 (F)