UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| PDG PRESTIGE, INC., | § | Chapter 7 |
| | § | |
| | § | Case No. 21-30107-hcm |
| Debtor. | § | |

| | | |
|---|---|---|
| LEGALIST DIP GP, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| PDG PRESTIGE, INC. AND MICHAEL | § | Adv. Case No. 23-03004 |
| DIXSON, INDIVIDUALLY, | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS (DKT. 6)**

**TO THE HONORABLE H. CHRISTOPHER MOTT,
UNITED STATES BANKRUPTCY JUDGE:**

  **COMES NOW,** Plaintiff Legalist DIP GP, LLC ("Plaintiff," "Legalist," or "DIP Lender") and files this, its response to Defendants PDG Prestige, Inc. ("Debtor") and Michael Dixson's ("Dixson") (collectively "Defendants") Motion to Dismiss for Lack of Subject Matter Jurisdiction (Dkt. 6) (the "Motion").

  A.  **INTRODUCTION**

  On June 16, 2023, Plaintiff filed its Complaint (Dkt. 1) ("Complaint" or "Compl."). On July 7, 2023, Defendants filed the Motion. On July 13, 2023, the Court converted the underlying bankruptcy case, Case No. 21-30107 (the "Underlying Case") from Chapter 11 to Chapter 7 (Underlying Case Dkt. 271).

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS  PAGE 1**

B.  ARGUMENTS AND AUTHORITIES

1.  **The Court has subject-matter jurisdiction over Plaintiff's claims**

The Court has jurisdiction over Plaintiff's claims because each of Plaintiff's claims are core proceedings under 28 U.S.C. § 157(b). On a motion to dismiss for lack of subject matter jurisdiction, a plaintiff must allege only a "plausible set of facts establishing jurisdiction." *Matter of Benjamin*, 932 F.3d 293, 295 (5th Cir. 2019) (internal quotations omitted).

All of Defendants' arguments in the Motion as to subject matter jurisdiction apply only to post-confirmation Chapter 11 cases. Because the Underlying Case was converted to Chapter 7, these arguments are not applicable. The justification behind a bankruptcy court's limited post-confirmation jurisdiction is that, on confirmation of a plan, the debtor's estate "ceases to exist." *In re Craig's Stores of Texas, Inc.*, 266 F.3d 388, 390 (5th Cir. 2001). This reasoning does not apply in the current case because, on conversion to Chapter 7, there is now a bankruptcy estate.

The United States District Court for the Northern District of Texas determined that a bankruptcy court had the power to hear a lawsuit between a debtor in a bankruptcy case and a creditor in a post-confirmation Chapter 11 case that had been converted to Chapter 7. *Burch v. Select Portfolio Servicing, Inc.*, No. 4:20-CV-00423-O-BP, 2020 WL 3619532, at *2 (N.D. Tex. May 28, 2020), *report and recommendation adopted sub nom. Birch v. Select Portfolio Servicing, Inc.*, No. 4:20-CV-00423-O, 2020 WL 3605835 (N.D. Tex. July 1, 2020).

Under 28 U.S.C. § 1334, this Court has jurisdiction over the claims asserted in the Complaint. Bankruptcy courts have jurisdiction over matters that arise under Title 11, or matters that arise in or relate to cases under Title 11. 28 U.S.C. §§ 1334(b), 157(a). Bankruptcy courts have jurisdiction over core proceedings arising under Title 11. § 157(b)(1).

The Complaint asserts causes of action for fraud, fraudulent transfer, money had and received, and recovery of post-petition transfers under 11 U.S.C §§ 549, 550. Compl. ¶¶ 65, 71, 85, 87. The recovery of post-petition transfers claim and fraudulent transfer claim are core proceedings under § 157(b)(2)(H) because they seek to "determine, recover, or avoid fraudulent conveyances." Even though they arise under state law, the fraud and money had and received claims are core proceedings because the determination of these claims will affect the distribution of the debtor's assets. 28 U.S.C. §§ 157(b)(2)(B), (b)(2)(I); *State Farm Mut. Auto. Ins. Co. v. Wilkins*, 242 F. App'x 183, 186 (5th Cir. 2007) (holding that state law fraud claim in adversary proceeding was core proceeding because the dispute concerned the allowance or disallowance of claims against the estate and the dischargeability of particular debts, which would affect "the distribution of [the debtor's] assets") (internal quotations omitted).

Even if the Court determines that any of Plaintiff's claims are not core proceedings, the Court has subject-matter jurisdiction over all of Plaintiff's claims because they relate to the Underlying Case. The causes of action are based on a debtor-in-possession loan in the Underlying Case, which was authorized by order of this Court. Underlying Case Dkt. 43; Compl. ¶ 10. After closing of the loan, Debtor induced Plaintiff to execute a partial lien release by representing that Debtor intended to sell real property that secured the loan to pay estate claims and improve the property. Compl. ¶ 33. This representation is the basis for Plaintiff's fraud claim. Compl. ¶ 66. After Debtor made the false representation as to how the sales proceeds would be used, Debtor used the proceeds to make personal purchases which devalued Plaintiff's potential recovery in the Underlying Case. Compl. ¶¶ 43–46. The misappropriation of these funds is the basis for Plaintiff's money had and received, fraudulent transfer, and recovery of postpetition transfer claims. Compl. ¶¶ 73, 83, 86, 88. Plaintiff's claims arise out of a postpetition debtor-in-possession loan agreement

approved by the Court and Debtor's subsequent misappropriation of funds which defrauded its creditors. Therefore, each cause of action asserted in the Complaint relates to the Underlying Case.

Defendants cite *Marcus Hook* in support of the contention that subject matter jurisdiction does not depend upon a matter's status as a core proceeding. *In re Marcus Hook Dev. Park, Inc.*, 943 F.2d 261, 266 (3d Cir. 1991). Plaintiff interprets the implication of this holding incorrectly. *Marcus Hook*'s ruling is that "a bankruptcy court might have jurisdiction over a proceeding, but still might not be able to enter final judgments and orders." *Id.* In the instance of a non-core proceeding, a bankruptcy court has jurisdiction to hear the matter and submit proposed findings of fact and conclusions of law to the district court. *Id. Marcus Hook*'s holding covers only the effect of a bankruptcy court's order. It decidedly does not provide any basis for this Court to dismiss this case for lack of subject matter jurisdiction.

### 2. Plaintiff has standing to pursue its postpetition transfer claim

Plaintiff has standing to bring its claim for recovery of postpetition transfers under 11 U.S.C. §§ 549, 550 because the Complaint alleges that Plaintiff suffered a direct injury as the result of Defendants' conduct. The Fifth Circuit held that a creditor, not the trustee, has exclusive standing to bring a claim in a bankruptcy case if the complaint alleges a "direct injury" to the creditor. *Matter of Educators Grp. Health Tr.*, 25 F.3d 1281, 1286 (5th Cir. 1994). Plaintiff suffered a direct injury because Defendants fraudulently induced Plaintiff to sign a lien waiver as to Plaintiff's collateral. Compl. ¶ 34, 41. Plaintiff held a priming lien on the collateral, so the misappropriation of the property's sale proceeds directly harmed Plaintiff by preventing recovery of Plaintiff's debtor-in-possession loan. Compl. ¶ 10. The Complaint traces the sale of the collateral to a buyer and the flow of those proceeds from the closing title company directly to Debtor's account which held little or no other funds and then directly to each of the Defendants.

Compl. ¶¶ 40–49. The theft of those monies by the Defendants is tied directly to the collateral and has created a harm directly to Plaintiff and only to Plaintiff. Therefore, Plaintiff suffered a direct harm as the result of Defendants' conduct and has exclusive standing to bring its claims.

Alternatively, if the Court determines that Chapter 7 trustee, Mr. Ronald Ingalls ("Trustee"), has exclusive standing to bring the postpetition transfer claim, Plaintiff requests the right to seek the Court's approval of an agreement with the trustee to pursue this litigation. Plaintiff has conferred with Trustee and Trustee has indicated he is willing to enter into such an agreement.

### C. CONCLUSION AND PRAYER FOR RELIEF

The Court has jurisdiction over the claims asserted in the Complaint because all of the claims are core proceedings and relate to the Underlying Case. Furthermore, Plaintiff has standing to pursue the postpetition transfers because it suffered a direct harm from Defendants' conduct.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully requests that the Court enter an order denying the Motion to Dismiss, and granting such other relief to which Plaintiff is justly entitled.

Dated: July 28, 2023.
Dallas, Texas.

Respectfully submitted,

**BELL NUNNALLY & MARTIN LLP**

By: */s/ Russell W. Mills*
Russell W. Mills
Texas Bar No. 0078469
rmills@bellnunnally.com
Gwen I Walraven
Texas Bar No. 24047065
gwalraven@bellnunnally.com
2323 Ross Avenue, Suite 1900
Dallas, Texas 75201
214-740-1400 Telephone
214-740-1499 Facsimile

**ATTORNEYS FOR
LEGALIST DIP GP, LLC, AS
GENERAL PARTNER OF
LEGALIST DIP FUND I, LP AND
LEGALIST DIP SPV II, L**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served on all parties in this adversary proceeding pursuant to L. Rule 7007 on this 28th day of July 2023, via CM/ECF.

/s/ *Russell W. Mills*
Russell W. Mills