**The relief described hereinbelow is SO ORDERED.**

**Signed August 29, 2023.**

_____
**H. CHRISTOPHER MOTT
UNITED STATES BANKRUPTCY JUDGE**

_____

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| PDG PRESTIGE, INC., | § | Case No. 21-30107-hcm |
| Debtor. | § | (Chapter 7) |
| LEGALIST DIP GP, LLC | § | |
| Plaintiff, | § | |
| v. | § | Adversary No. 23-03004-hcm |
| PDG PRESTIGE, INC., and | § | |
| MICHAEL DIXSON, individually | § | |
| Defendants. | § | |

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS**

A Motion to Dismiss for Lack of Subject Matter Jurisdiction ("Motion")(dkt# 6) has been filed by PDG Prestige, Inc. ("PDG Prestige") and Michael Dixson ("Dixson"), defendants in this adversary proceeding (collectively "Defendants"). A Response ("Response")(dkt# 7) to the Motion has been filed by Legalist DIP GP, LLC, plaintiff in this adversary proceeding ("Plaintiff"). No reply to the Response has been filed by Defendants. For the reasons set forth in this Order, the Court finds that the Motion should be denied.

The Motion filed by Defendants requests dismissal of Plaintiffs' Complaint on two grounds: (1) lack of bankruptcy subject matter jurisdiction; and (2) lack of standing by Plaintiff to assert a cause of action for unauthorized post-petition transfers under 11 U.S.C. § 549. The Court will address these two grounds in this Order.

<u>Subject Matter Jurisdiction</u>

The Complaint initiating this adversary proceeding was filed by Plaintiff on June 16, 2023. The Motion was filed by Defendants on July 7, 2023. So, the Complaint and Motion were filed when Defendant PDG Prestige was a Reorganized Debtor in a Chapter 11 case under a confirmed Plan of Reorganization. On July 13, 2023, after hearing on a motion filed by PDG Prestige, the Court entered an order converting PDG Prestige's Chapter 11 case to a Chapter 7 case. Ronald Ingalls was then appointed as Chapter 7 trustee ("Trustee") for the bankruptcy estate of PDG Prestige. *See* main case no. 21-30107 (dkt# 271).

The Motion filed by Defendants seeking dismissal for lack of subject matter jurisdiction is based on the premise that Defendant PDG Prestige is a Reorganized Debtor in a post-confirmation Chapter 11 case. The Fifth Circuit has held that bankruptcy court subject matter jurisdiction becomes more limited post-confirmation in a Chapter 11 case, because a bankruptcy estate ceases to exist. *See Bank of La. v. Craig's Stores of Tex. Inc. (In re Craig's Stores of Tex., Inc.)*, 266 F.3d 388, 390-91 (5th Cir. 2001); *see also Lain v. Watt (In re Dune Energy, Inc.),* 575 B.R. 716, 724-26 (Bankr. W.D. Tex. 2017)(analyzing the decision in *Craig's Stores* and its progeny).

Here, upon conversion of the Chapter 11 bankruptcy case of PDG Prestige to Chapter 7, a bankruptcy estate was created. All assets of the Reorganized Debtor PDG

2

Prestige were then revested in a Chapter 7 bankruptcy estate. *See* ¶ 18 of Order confirming Second Amended Plan of Reorganization as Modified entered on March 31, 2022, and § 13.4 of Second Amended Plan of Reorganization as Modified; main case no. 21-30107 (dkt# 148).

As a result, the limitation on bankruptcy subject matter jurisdiction in a post-confirmation Chapter 11 case does not apply to this adversary proceeding. The Court finds that it has subject matter jurisdiction over this adversary proceeding under 28 U.S.C. § 1334(b). *See Dune Energy,* 575 B.R. at 723 (explaining the three categories of civil proceedings under the bankruptcy jurisdictional statute of 28 U.S.C. § 1334(b)). The Court will deny the Motion to the extent it seeks dismissal for lack of bankruptcy subject matter jurisdiction.

Section 549 Post-Petition Transfers/Standing

One of the causes of action asserted by Plaintiff in its Complaint is avoidance of allegedly unauthorized post-petition transfers under 11 U.S.C. § 549. Defendants seek dismissal of this § 549 cause of action for lack of standing by Plaintiff.

Defendants are correct that under § 549(a) only a "trustee" has standing to avoid an unauthorized post-petition transfer. Plaintiff is not a trustee. In their Response, Plaintiff requests the opportunity to seek approval of an agreement with the Trustee to pursue this claim, and state that it has conferred with the Trustee and the Trustee has indicated a willingness to enter into such agreement.

The Court will provide Plaintiff an opportunity to reach an agreement with the Trustee regarding pursuit of the § 549(a) cause of action. If no agreement can be reached with the Trustee, or if the Trustee does not join as a plaintiff in this adversary proceeding,

3

Defendants may file another motion to dismiss the § 549(a) cause of action for lack of standing or assert such defense in its Answer. In the meantime, the instant Motion filed by Defendants seeking dismissal for lack of standing under 11 U.S.C. § 549 will be denied by the Court without prejudice.

**FOR THESE REASONS, IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:**

1.  The Motion to Dismiss for Lack of Subject Matter Jurisdiction (herein "Motion")(dkt# 6) filed by Defendants requesting dismissal of the Complaint for lack of subject matter jurisdiction is hereby DENIED with prejudice.

2.  The Motion requesting dismissal of the Complaint for Plaintiff's lack of standing to assert a cause of action under 11 U.S.C. § 549 is hereby DENIED without prejudice.

3.  Defendants shall file and serve an Answer to Plaintiff's Complaint within 21 days after entry of this Order.

# # #

United States Bankruptcy Court

Western District of Texas

Legalist DIP GP, LLC,
    Plaintiff

PDG Prestige, Inc.,
    Defendant

Adv. Proc. No. 23-03004-hcm

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0542-3 | User: admin | Page 1 of 2 |
| Date Rcvd: Aug 29, 2023 | Form ID: pdfintp | Total Noticed: 4 |

The following symbols are used throughout this certificate:
**Symbol    Definition**
+    Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Aug 31, 2023:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| pla | + | Legalist DIP GP, LLC, c/o Bell Nunnally & Martin LLP, 2323 Ross Avenue, Suite 1900, Dallas, TX 75201-2721 |
| dft | + | Michael Dixson, 12912 Hill Country Blvd., Bldg. F, Suite 235, Austin, TX 78738-6328 |
| dft | + | PDG Prestige, Inc., c/o Michael Dixson, President, 12912 Hill Country Blvd, Bldg. F, Suite 235, Austin, TX 78738-7102 |

TOTAL: 3

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|
| ust | Email/Text: USTPRegion07.SN.ECF@usdoj.gov | Aug 29 2023 21:59:00 | United States Trustee - EP12, U.S. Trustee's Office, 615 E. Houston, Suite 533, P.O. Box 1539, San Antonio, TX 78295-1539 |

TOTAL: 1

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

NONE

# NOTICE CERTIFICATION

I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

Date: Aug 31, 2023    Signature:    /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on August 29, 2023 at the address(es) listed below:

| Name | Email Address |
|---|---|
| David P. Lutz | on behalf of Defendant PDG Prestige Inc. dplutz@qwestoffice.net |
| David P. Lutz | on behalf of Defendant Michael Dixson dplutz@qwestoffice.net |

| | | |
|---|---|---|
| District/off: 0542-3 | User: admin | Page 2 of 2 |
| Date Rcvd: Aug 29, 2023 | Form ID: pdfintp | Total Noticed: 4 |

Gwen Irene Walraven
    on behalf of Plaintiff Legalist DIP GP  LLC gwalraven@bellnunnally.com, csellers@bellnunnally.com

Russell W. Mills
    on behalf of Plaintiff Legalist DIP GP  LLC rmills@bellnunnally.com, nsummerville@bellnunnally.com;tstephenson@bellnunnally.com

TOTAL: 4