UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

In Re:

PDG PRESTIGE, INC.,

    Debtor.                                                     Case No. 21-30107-hcm

LEGALIST DIP GP, LLC,

    Plaintiff,

v.                                                               Adversary No. 23-03004-hcm

PDG PRESTIGE, INC. and,
MICHAEL DIXSON, INDIVIDUALLY,

    Defendants.

**DEFENDANTS' ANSWER
TO PLAINTIFF'S ORIGINAL COMPLAINT**

COMES NOW, Defendants PDG Prestige, Inc. and Michael Dixson ("Defendants"), individually, by and through their attorneys of record, Martin & Lutz, P.C., by David P. Lutz, and file this Answer to Plaintiff's Original Complaint ("Plaintiff's Complaint"), and would show as follows:

1. Defendants admit the allegations of Paragraph 1 of Plaintiff's Complaint.

2. Defendants admit that Michael Dixson is Registered Agent for PDG Prestige, Inc. and otherwise denies the allegations of Paragraph 2 of Plaintiff's Complaint.

3. Defendants admit that Michael Dixson can be served wherever he may be found and otherwise denies the allegations of Paragraph 3 of Plaintiff's Complaint.

4. Defendants deny the allegations of Paragraph 4 of Plaintiff's Complaint.

5. Defendants admit the allegations of Paragraph 5 of Plaintiff's Complaint.

6. Defendants admit the allegations of Paragraph 6 of Plaintiff's Complaint.

7. Defendants admit the allegations of Paragraph 7 of Plaintiff's Complaint.

8. Defendants admit that Michael Dixson is President of PDG Prestige, Inc., is without knowledge as to reference to "Gateway" without more information as to the specific entity being alleged, and otherwise deny the remainder of the allegations of Paragraph 8 of Plaintiff's Complaint.

9. Defendants admit the allegations of Paragraph 9 of Plaintiff's Complaint.

10. Defendants admit the allegations of Paragraph 10 of Plaintiff's Complaint.

11. Defendants admit the allegations of Paragraph 11 of Plaintiff's Complaint.

12. Defendants admit the allegations of Paragraph 12 of Plaintiff's Complaint.

13. Defendants admit the allegations of Paragraph 13 of Plaintiff's Complaint.

14. Defendants admit the allegations of Paragraph 14 of Plaintiff's Complaint.

15. Defendants admit the allegations of Paragraph 15 of Plaintiff's Complaint.

16. Defendants admit the original maturity date of June 24, 2022, by way of new matter would allege extension agreements were reached, and otherwise deny the remainder of the allegations of Paragraph 16 of Plaintiff's Complaint.

17. Defendants admit the allegations of Paragraph 17 of Plaintiff's Complaint.

18. Defendants admit the allegations of Paragraph 18 of Plaintiff's Complaint.

19. Defendants admit that Plaintiff has not been paid in full, and otherwise deny the allegations of Paragraph 19 of Plaintiff's Complaint.

20. Defendants admit The Gateway Ventures, LLC filed its voluntary petition for relief under Chapter 11 of the United States Code on February 2, 2021 and otherwise deny the allegations

of Paragraph 20 of Plaintiff's Complaint.

21. Defendants admit the allegations of Paragraph 21 of Plaintiff's Complaint.

22. Defendants admit the allegations of Paragraph 22 of Plaintiff's Complaint.

23. Defendants admit the allegations of Paragraph 23 of Plaintiff's Complaint.

24. Defendants admit the allegations of Paragraph 24 of Plaintiff's Complaint.

25. Defendants admit the allegations of Paragraph 25 of Plaintiff's Complaint.

26. Defendants admit the original maturity date of June 19, 2022, by way of new matter allege upon information and belief that extension agreements were reached by the entities involved, and otherwise deny the allegations of Paragraph 26 of Plaintiff's Complaint.

27. Defendants admit that Plaintiff has not been paid in full with respect to the loan to The Gateway Ventures, LLC, and otherwise deny the allegations of Paragraph 27 of Plaintiff's Complaint.

28. Defendants admit the allegations of Paragraph 28 of Plaintiff's Complaint.

29. Defendants admit the allegations of Paragraph 29 of Plaintiff's Complaint.

30. Defendants admit the allegations of Paragraph 30 of Plaintiff's Complaint.

31. Defendants admit that Mesilla Valley Ventures, LLC was owned by Defendant PDG Prestige, Inc. and otherwise deny the allegations contained in Paragraph 31 of Plaintiff's Complaint.

32. Defendants admit that Mesilla Valley Ventures, LLC and LPC Retail, LLC entered a Purchase and Sale Agreement for Lot 1A that was later revised as to purchasing entity among other matters dated March 2022 and otherwise deny the allegations of Paragraph 32 of Plaintiff's Complaint.

33. Defendants admit that PDG Prestige, Inc. through counsel requested a partial lien

release to allow the sale to close and otherwise deny the allegations contained in Paragraph 33 of Plaintiff's Complaint.

34. Defendants admit the allegations of Paragraph 34 of Plaintiff's Complaint.

35. Defendants admit that Legalist executed the partial lien release and otherwise denies the allegations of Paragraph 35 of Plaintiff's Complaint.

36. Defendants admit that PDG Prestige, Inc. executed a Special Warranty Deed and transferred Lot 1A to Mesilla Valley Ventures, LLC for which PDG Prestige, Inc. serves as its Manager, and otherwise denies the allegations of Paragraph 36 of Plaintiff's Complaint.

37. Defendants admit the allegations of Paragraph 37 of Plaintiff's Complaint.

38. Defendants admit the allegations of Paragraph 38 of Plaintiff's Complaint.

39. Defendants admit the allegations of Paragraph 39 of Plaintiff's Complaint.

40. Defendants admit the allegations of Paragraph 40 of Plaintiff's Complaint.

41. Defendants deny the allegations of Paragraph 41 of Plaintiff's Complaint.

42. Defendants deny the allegations of Paragraph 42 of Plaintiff's Complaint.

43. Defendants admit that a $500,000 payment was wired related to the Candeleaf Property owned by Entrada Development, LLC for which Mr. Dixson is the Manager and otherwise deny the allegations of Paragraph 43 of Plaintiff's Complaint.

44. Defendants admit that improvements have been made to the Candleleaf property that includes furniture and Mr. Dixson's family residing at the property, and otherwise deny the allegations of Paragraph 44 of Plaintiff's Complaint, as, for example, the divorce between he and his former wife is complete.

45. Defendants admit that by October 31, 2022, the account listed had a zero balance and

otherwise deny the allegations contained in Paragraph 45 of Plaintiff's Complaint.

46. Defendants admit that Mr. Dixson took draws and the ultimate use of those funds were for items such as the Candleleaf property, vehicles, and other items (although the watch item indicated specifically was unauthorized by Mr. Dixson), and that Defendant PDG Prestige, Inc. made payment to Legalist as indicated, and otherwise deny the allegations contained in Paragraph 46 of Plaintiff's Complaint.

47. Defendants admit that Mr. Dixson took draws and the ultimate use of funds were, in part, for personal items as well as business items, and otherwise deny the allegations contained in Paragraph 47 of Plaintiff's Complaint.

48. Defendants admit that portions of the Sales Proceeds were transferred to a separate PDG account at Chase Bank, and otherwise deny the allegations contained in Paragraph 48 of Plaintiff's Complaint.

49. Defendants admit the allegations contained in Paragraph 49 of Plaintiff's Complaint.

50. Defendants admit the original maturity date of June 24, 2022, by way of new matter would allege extension agreements were reached, and otherwise deny the remainder of the allegations of Paragraph 50 of Plaintiff's Complaint.

51. Defendants admit that PDG has failed to repay the DIP Loan, and otherwise deny the allegations of Paragraph 51 of Plaintiff's Complaint.

52. Defendants deny the allegations of Paragraph 52 of Plaintiff's Complaint.

53. Defendants deny the allegations of Paragraph 53 of Plaintiff's Complaint.

54. Defendants deny the allegations of Paragraph 54 of Plaintiff's Complaint.

55. Defendants deny the allegations of Paragraph 55 of Plaintiff's Complaint.

56. Defendants deny the allegations of Paragraph 56 of Plaintiff's Complaint.

57. Defendants deny the allegations of Paragraph 57 of Plaintiff's Complaint.

58. Defendants admit the allegations of Paragraph 58 of Plaintiff's Complaint.

59. Defendants deny the allegations of Paragraph 59 of Plaintiff's Complaint.

60. Defendants admit the allegations of Paragraph 60 of Plaintiff's Complaint.

61. Defendants admit the allegations of Paragraph 61 of Plaintiff's Complaint.

62. Defendants admit payment to Plaintiff related to extension agreements and otherwise deny the allegations of Paragraph 62 of Plaintiff's Complaint.

63. Defendants deny the allegations of Paragraph 63 of Plaintiff's Complaint.

64. Defendants admit that PDG Prestige, Inc. is the manager of Mesilla Valley and that generally Mr. Dixson is the ultimate principal of certain involved entities, and otherwise deny the allegations of Paragraph 64 of Plaintiff's Complaint.

65. Paragraph 65 of Plaintiff's Complaint does not require a response.

66. Defendants deny the allegations of Paragraph 66 of Plaintiff's Complaint.

67. Defendants deny the allegations of Paragraph 67 of Plaintiff's Complaint.

68. Defendants deny the allegations of Paragraph 68 of Plaintiff's Complaint.

69. Defendants admit that Plaintiff executed the partial lien release and otherwise deny the allegations of Paragraph 69 of Plaintiff's Complaint.

70. Defendants deny the allegations of Paragraph 70 of Plaintiff's Complaint.

71. Paragraph 71 of Plaintiff's Complaint does not require a response.

72. Defendants admit that generally Mr. Dixson is the ultimate principal of certain involved entities, and otherwise deny the allegations of Paragraph 72 of Plaintiff's Complaint.

73. Defendants deny the allegations of Paragraph 73 of Plaintiff's Complaint.

74. Defendants admit that Michael Dixson on behalf of the involved entities executed any required documents to complete the sale of Lot 1A and otherwise deny the allegations of Paragraph 74 of Plaintiff's Complaint.

75. Defendants deny the allegations of Paragraph 75 of Plaintiff's Complaint.

76. Defendants admit the allegations of Paragraph 76 of Plaintiff's Complaint.

77. Defendants admit the allegations of Paragraph 77 of Plaintiff's Complaint.

78. Defendants admit that transfers were made of the Sales of Proceed from the PDG Prestige, Inc. account to other accounts that included Mr. Dixson's personal account over a period of time, and otherwise deny the allegations of Paragraph 78 of Plaintiff's Complaint.

79. Defendants deny the allegations of Paragraph 79 of Plaintiff's Complaint.

80. Defendants deny the allegations of Paragraph 80 of Plaintiff's Complaint.

81. Defendants deny the allegations of Paragraph 81 of Plaintiff's Complaint.

82. Defendants deny the allegations of Paragraph 82 of Plaintiff's Complaint.

83. Defendants deny the allegations of Paragraph 83 of Plaintiff's Complaint.

84. Defendants deny the allegations of Paragraph 84 of Plaintiff's Complaint.

85. Paragraph 85 of Plaintiff's Complaint does not require a response.

86. Defendants deny the allegations of Paragraph 86 of Plaintiff's Complaint.

87. Paragraph 87 of Plaintiff's Complaint does not require a response.

88. Defendants deny the allegations of Paragraph 87 of Plaintiff's Complaint.

89. Defendants admit Plaintiff seeks the relief Plaintiff indicates, but specifically denies any such relief is warranted and otherwise denies the allegations of Paragraph 89 of Plaintiff's

Complaint.

90. Any allegations which are not expressly admitted to above are hereby denied.

91. This Court lacks jurisdiction over this matter.

92. At the time of this filing, upon information and belief, Plaintiff has failed to enter into the agreement with the Trustee as required by this Court.

93. Plaintiff's claims in whole or in part fail to state a claim upon which relief can be granted.

94. Plaintiff has failed to mitigate damages.

95. The alleged transfers were in good faith for value.

RESPECTFULLY SUBMITTED,

MARTIN & LUTZ, P.C.

By /S/David P. Lutz
    David P. Lutz
    Counsel for Defendants
    P O Drawer 1837
    Las Cruces, NM 88004
    575-526-2449
    575-526-0946 (F)

## **CERTIFICATE OF SERVICE**

      I do hereby certify that a true and correct copy of the above and foregoing has been this date of September 19, 2023 served electronically to all attorneys who have requested it through the CM/ECF system.

      /S/David P. Lutz  
David P. Lutz