**The relief described hereinbelow is SO ORDERED.**

**Signed December 20, 2023.**

_____
CHRISTOPHER G. BRADLEY
UNITED STATES BANKRUPTCY JUDGE

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| IN RE | § § | CASE NO. 21-30107-cgb |
| PDG PRESTIGE, INC. | § § | CHAPTER 7 |
| DEBTOR. | § § § | |
| LEGALIST DIP GP, LLC | § § | |
| PLAINTIFF, | § § | |
| v. | § § | ADVERSARY NO. 23-03004-cgb |
| PDG PRESTIGE, INC. and MICHAEL DIXSON, individually | § § § § | |
| DEFENDANTS. | § | |

**AGREED AMENDED SCHEDULING ORDER AND DISCOVERY PLAN**

ON THIS DAY, came on to be heard plaintiff Legalist DIP GP, LLC ("**Plaintiff**"), by and through its counsel, on Legalist's *Unopposed Motion to Amend Scheduling Order* [Doc. No. 20]

(the "**Motion**") filed in the above-captioned adversary proceeding (the "**Adversary Proceeding**").

After considering same, the Court is of the opinion that the relief requested is proper and that the Motion should be granted. It is therefore

    1.    ORDERED that the Motion is GRANTED, and it is further

    2.    The *Scheduling Order* entered in this Adversary Proceeding at Doc. No. 13 is hereby amended in superseded in full by this Amended Scheduling Order.

    3.    The parties shall file all amended or supplemental pleadings and shall join additional parties on or before **February 14, 2024**. *See* L. Rule 7015.

    4.    All parties asserting or resisting claims for relief shall serve on all other parties, but not file, the disclosures required by Federal Rule of Civil Procedure 26(a)(1) on or before **January 31, 2024**.

    5.    The parties shall complete discovery on or before **March 29, 2024**. Counsel may, by agreement, continue discovery beyond the deadline, but there will be no intervention by the Court except in extraordinary circumstances.

    6.    All dispositive motions shall be filed and served on all other parties on or before **April 3, 2024** and shall be limited to 20 pages. *See* L. Rule 7007(a) for the definition of dispositive motions and page limits. Responses shall be filed and served on all other parties not later than 21 days of the service of the motion and shall be limited to 20 pages. See. L. Rule 7007(b)(2). Any replies shall be filed and served on all other parties not later than 7 days of the service of the response and shall be limited to 10 pages, but the Court need not wait for the reply before ruling on the motion. *See* L. Rule 7007(c).

    7.    Motions other than Rule 12 or 56 are governed by L. Rule 7007, 9013, and 9014 where applicable.

    8.    Docket call for trial is set for **May 22, 2024** at 10:30 a.m. (Mountain Time) at **us−courts.webex.com/meet/Bradley**, through Cisco WebEx Meetings application. Parties will be required to discuss at docket call any objections to the use of deposition testimony and stipulations regarding the use of experts for trial.

    9.    A joint pre−trial order and proposed findings of fact and conclusions of law are due **5/17/24**. *See* L. Rule 7016(c) and (d).

    10.    Exhibits and a witness list are to be exchanged not less than five days before trial. *See* L. Rule 7016(g). In addition, counsel are encouraged to present and provide electronic versions of exhibits where practicable. Use and presentation of electronic exhibits should be coordinated through the courtroom deputy.

      11.    Counsel are reminded that, with regard to any paper that is filed, compliance with Fed. R. Civ. P. 5.2 is mandatory. As such, counsel should ensure that appropriate redactions are made.

      12.    This Amended Scheduling Order does not specifically address the discovery of electronically stored information (ESI). To the extent the parties believe that ESI is subject to discovery, the parties are directed to reach an agreement on production of ESI. Any party may bring any dispute regarding the discovery of ESI, but it must be brought to the Court's attention by motion 30 days after Rule 26(a)(1) disclosures are made.

      13.    All discovery must be commenced and completed by the discovery deadline provided in this Order.

      a.    Designation of experts shall be an issue any pretrial conference.

      b.    Counsel are encouraged to resolve discovery disputes by agreement. Motions to compel, motions for protective orders and similar motions, while not prohibited, may result in sanctions being imposed on the losing party or both parties as provided in Fed. R. Bankr. P. 7037 & 9011 or 28 U.S.C. section 1927, if a hearing is required thereon.

      c.    If applicable, parties may file dispositive motions under Fed. R. Bankr. P. 7012 & 7056 and Fed. R. Civ. P. 12(b) & 56. Such motions, if filed, must be filed by the deadline for dispositive motions in this Order. Responses to motions under FRBP 12 and 56 must be filed within 21 days after the Motion is filed. **All other motions in this adversary proceeding, unless unopposed, require the filing of a written response within 14 days, or the motion may be granted without a hearing.**

      d.    All discovery shall be commenced at a time which allows for the full response time provided by applicable rules on or before the discovery deadline. E.g., if the discovery deadline is July 15, interrogatories must be actually delivered on or before June 15 in order to allow thirty days for answers. If the interrogatories are mailed, then they must be mailed on or before June 12, pursuant to Fed. R. Bankr. P. 9006(f), to allow three additional days for service by mail.

      e.    The Court may, upon motion and for cause shown, extend, reduce, or otherwise modify the deadlines set out in the Scheduling Order. Mere agreement of the parties to such extensions or modifications is not of itself sufficient cause.

      14.    Counsel must confer prior to the date the Pre−Trial Order is required to be filed, to fully explore the possibility of settlement, to stipulate to matters not in dispute and to simplify the issues. The Pre−Trial Order shall contain a certificate to the effect that the conference of counsel has been held. Counsel must also confer in an effort to determine whether the original time estimate for trial is correct or should be revised. If the parties wish to have a pre−trial conference with the Court, a pre−trial conference should be requested as early as possible, but at least 60 days prior to the trial.

**15. Docket call is set on the docket call date provided in the scheduling order. The only matters to be considered by the Court at docket call are as follows:**

    a.    Date, time and place of trial following docket call.

    b.    Properly and timely-filed motions for continuance and default judgment.

    c.    Motions not previously ruled on under Fed. R. Civ. P. 12 and Fed. R. Bankruptcy P. 7012.

    d.    Settlement announcements.

**Failure to attend docket call may result in dismissal or rendition of final judgment. You may, however, authorize any member of the Bar of this Court, including opposing counsel, to make an appearance on your behalf at docket call, if there are no contested motions for continuance, motions for default judgment or motions under Fed. R. Civ. P. 12 and Fed. R. Bankr. P. 7012.**

###

Submitted by:

M. Zachary Bluestone, Admitted *Pro Hac Vice*
D.C. Bar No. 994010
Bluestone, P.C.
1717 K Street NW, Suite 900
Washington, DC 20006
Phone: 202-655-2250
Email: mzb@bluestonelaw.com

-and-

Jason Binford
State Bar No. 24045499
Ross, Smith & Binford, PC
2003 N. Lamar Blvd., Ste. 100
Austin, TX 78705
Phone: 512-351-4778
Email: jason.binford@rsbfirm.com

*Counsel to Legalist DIP GP, LLC*

United States Bankruptcy Court

Western District of Texas

Legalist DIP GP, LLC,
    Plaintiff

Adv. Proc. No. 23-03004-cgb

PDG Prestige, Inc.,
    Defendant

# CERTIFICATE OF NOTICE

District/off: 0542-3      User: admin      Page 1 of 2
Date Rcvd: Dec 21, 2023      Form ID: pdfintp      Total Noticed: 9

The following symbols are used throughout this certificate:
**Symbol    Definition**

+      Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Dec 23, 2023:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| aty | + | Gwen Irene Walraven, Bell Nunnally & Martin, 2323 Ross Avenue, Suite 1900, Dallas, TX 75201-2721 |
| aty | + | Russell W. Mills, Bell Nunnally & Martin, 2323 Ross Ave., Suite 1900, Dallas, TX 75201-2721 |
| | + | Jason Binford, Ross, Smith & Binford, PC, 2003 N Lamar Blvd., Ste. 100, Austin, TX 78705-4932 |
| pla | + | Legalist DIP GP, LLC, c/o Bell Nunnally & Martin LLP, 2323 Ross Avenue, Suite 1900, Dallas, TX 75201-2721 |
| | + | M. Zachary Bluestone, Bluestone, P.C., 1717 K Street NW, Ste. 900, Washington, DC 20006-5349 |
| dft | + | Michael Dixson, 12912 Hill Country Blvd., Bldg. F, Suite 235, Austin, TX 78738-6328 |
| dft | + | PDG Prestige, Inc., c/o Michael Dixson, President, 12912 Hill Country Blvd, Bldg. F, Suite 235, Austin, TX 78738-7102 |

TOTAL: 7

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| ust | | Email/Text: USTPRegion07.SN.ECF@usdoj.gov | Dec 21 2023 22:18:00 | United States Trustee - EP12, U.S. Trustee's Office, 615 E. Houston, Suite 533, P.O. Box 1539, San Antonio, TX 78295-1539 |
| intp | + | Email/Text: ron@ingallstrustee.com | Dec 21 2023 22:18:00 | Ronald E. Ingalls, P.O. Box 2867, Fredericksburg, TX 78624-1927 |

TOTAL: 2

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

NONE

# NOTICE CERTIFICATION

I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Dec 23, 2023      Signature:      /s/Gustava Winters

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on December 21, 2023 at the address(es) listed

| | | |
|---|---|---|
| District/off: 0542-3 | User: admin | Page 2 of 2 |
| Date Rcvd: Dec 21, 2023 | Form ID: pdfintp | Total Noticed: 9 |

**below:**

| Name | Email Address |
|---|---|
| David P. Lutz | on behalf of Defendant PDG Prestige Inc. dplutz@qwestoffice.net |
| David P. Lutz | on behalf of Defendant Michael Dixson dplutz@qwestoffice.net |
| Jason Bradley Binford | on behalf of Plaintiff Legalist DIP GP LLC jason.binford@rsbfirm.com |
| Ronald E Ingalls | on behalf of Interested Party Ronald E. Ingalls ingallstrustee@gmail.com ecf@ingallstrustee.com;ri@trustesolutions.net;sioboop@ingallstrustee.com |

TOTAL: 4