IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | BANKRUPTCY NO. 21-30107-CGB |
| PDG PRESTIGE, INC., | § | |
| | § | CHAPTER 7 |
| *Debtor.* | § | |
| _____ | § | _____ |
| | § | |
| LEGALIST DIP GP, LLC and | § | |
| PDG PRESTIGE, INC. (by and through | § | |
| Ronald Ingalls, Chapter 7 Trustee), | § | ADVERSARY NO. 23-03004-CGB |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | |
| | § | |
| MICHAEL DIXSON, individually, | § | |
| MESILLA VALLEY VENTURES, LLC, | § | |
| MICHAEL DIXSON TRUST THROUGH | § | |
| ITS TRUSTEE MICHAEL J. DIXSON, | § | |
| CHRISTINA DIXSON, SOUTHWESTERN | § | |
| ABSTRACT & TITLE COMPANY, INC., | § | |
| and WEYCER, KAPLAN, PULASKI & | § | |
| ZUBER P.C., | § | |
| | § | |
| *Defendants*. | § | |

**WEYCER, KAPLAN, PULASKI & ZUBER P.C.'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**
**(Relates to Docket No. 36)**

Defendant Weycer, Kaplan, Pulaski & Zuber P.C. ("Weycer Kaplan") moves this Court for an order dismissing Plaintiffs Legalist DIP GP, LLC ("Legalist") and PDG Prestige, Inc.'s (by and through Ronald Ingalls, Chapter 7 Trustee) ("PDG") (collectively, "Plaintiffs") *Second Amended Complaint* (Docket No. 36) ("*Complaint*") as to Weycer Kaplan in the above-captioned matter in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6).

# I.
## JURISDICTION AND VENUE

1.     This Court has jurisdiction to consider this Motion under 28 U.S.C. § 157(a) and § 1334(a) as referred by *Order of Reference of Bankruptcy Cases and Proceedings* entered by the United States District Court for the Western District of Texas. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court under 28 U.S.C. § 1408 and § 1409. The relief requested herein may be granted in accordance with 11 U.S.C. § 105(a).

# II.
## STANDARD OF REVIEW - FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)

2.     Rule 12(b)(6) of the Federal Rules of Civil Procedure allows the dismissal of an action when the plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Rule 8 of the Federal Rules of Civil Procedure requires that each claim in a complaint, at a minimum, include "a short and plain statement . . . showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The factual allegations supporting the claim "must be enough to raise a right to relief above the speculative level[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This "requires more than labels and conclusions," and "a formulaic recitation of the elements of a cause of action will not do." *Id.* The plaintiff must state "enough facts to state a claim to relief that is plausible on its face," and, put another way, these facts must nudge his claim "across the line from conceivable to plausible." *Id.* at 570. Rule 8 requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is facially plausible "'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* The standard of plausibility "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678-79. Additionally, fraud allegations are subject to the heightened pleading

requirements of Federal Rule of Civil Procedure 9, which requires a party to "state with particularity the circumstances constituting fraud[.]" Fed. R. Civ. P. 9(b).

3. In considering a Rule 12(b)(6) motion, the Court "accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff,'" but the Court need not "accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)); *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005).

### III.
### ARGUMENT AND AUTHORITIES

4. The Plaintiffs' *Complaint*, which raises only a single cause of action against Weycer Kaplan for civil conspiracy, fails to allege Weycer Kaplan's specific intent to cause the Plaintiffs' injury, which is the loss of sale proceeds.

5. The elements of civil conspiracy in Texas are "(1) two or more persons; (2) an object to be accomplished; (3) a meeting of the minds on the object or course of action; (4) one or more unlawful, overt acts; and (5) damages as a proximate result." *First State Bank of Mesquite v. Bellinger & Dewolf, LLP*, 342 S.W.3d 142, 150 (Tex. App.—El Paso 2011, no pet.) (citing *Schlumberger Well Surveying Corp. v. Nortex Oil & Gas Corp.*, 435 S.W.2d 854, 857 (Tex. 1968); *Greenberg Traurig of N.Y., P.C. v. Moody*, 161 S.W.3d 56, 80 (Tex. App.—Houston [14th Dist.] 2004, no pet.)). Additionally, "civil conspiracy requires *specific intent* to agree to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means." *Id.* (emphasis added) (citing *Juhl v. Airington*, 936 S.W.2d 640, 644 (Tex. 1996); *A.H. Belo Corp. v. Corcoran*, 52 S.W.3d 375, 384 (Tex. App.—Houston [1st Dist.] 2001, pet. denied)). "The gist of a civil conspiracy is *the injury* the conspirators *intended* to cause." *Greenberg Traurig of N.Y., P.C. v.*

*Moody*, 161 S.W.3d 56, 80 (Tex. App.—Houston [14th Dist.] 2004, no pet.) (emphasis added) (citing *Firestone Steel Prods. Co. v. Barajas*, 927 S.W.2d 608, 614 (Tex. 1996)). "Thus, proof of a joint intent to engage in the conduct that resulted in the injury is not sufficient to establish civil conspiracy." *Id.* (citing *Juhl v. Airington*, 936 S.W.2d 640, 644 (Tex. 1996)).

6. For conspiracy allegations against attorneys, particularly in the context of fraud, "there must be some indication that the attorney agreed to the fraud." *Id.* (citing *Bernstein v. Portland Savs. & Loan Ass'n*, 850 S.W.2d 694, 706 (Tex. App.—Corpus Christi 1993, writ denied), *overruled on other grounds by Crown Life Ins. Co. v. Casteel*, 22 S.W.3d 378 (Tex. 2000)). For an attorney to be held liable for conspiracy to defraud by assisting his client, "the attorney must have agreed *to the injury to be accomplished*, not merely the conduct ultimately resulting in injury." *Essex Crane Rental Corp. v. Carter*, 371 S.W.3d 366, 379 (Tex. App.—Houston [1st Dist.] 2012, pet. denied) (emphasis added) (citing *Chu v. Hong*, 249 S.W.3d 441, 446-47 (Tex. 2008)).

7. By their *Complaint*, the Plaintiffs allege Weycer Kaplan, through Jeff Carruth, "together with Dixson . . . reached an agreement to sell Lot 1A, . . . ." and "conspired to fraudulently transfer . . . Lot 1A to Mes[illa] Valley for no consideration." *Plaintiffs' Complaint*, pg. 30, ¶¶ 192, 193; *but cf. In re Uplift RX, LLC*, Adv. No. 21-3936, 2023 WL 5355353, at *19 (Bankr. S.D. Tex. 2023) (finding an allegation against a defendant-attorney that "sprinkled" fraud-related language into a civil conspiracy claim did "not meet the heightened requirements of Federal Rule of Civil Procedure 9" and dismissing it pursuant to Federal Rule of Civil Procedure 12(b)(6)). The Plaintiffs allege Mr. Carruth "facilitated the fraudulent transfer" and "negotiated the Purchase Sale Agreement for Lot 1A." *Id.* at pg. 31, ¶¶ 195, 196; *but cf. In re Uplift RX, LLC*, 2023 WL 5355353, at *19 ("Proving legal advice to a client is not illegal.").

8. These are all allegations of Weycer Kaplan's *conduct*, but nowhere do the Plaintiffs allege Weycer Kaplan intended to cause their injury, which is, per their *Complaint*, the loss of the sale proceeds. *Plaintiffs' Complaint*, at pg. 31, ¶ 200. Without such an allegation of Weycer Kaplan's specific intent to cause the Plaintiffs to lose the sale proceeds, the Plaintiffs fail to state a claim upon which relief can be granted as to Weycer Kaplan pursuant to Federal Rules of Civil Procedure 8 and 9(b). *See Greenberg Traurig of N.Y., P.C.*, 161 S.W.3d at 80 (citing *Juhl v. Airington*, 936 S.W.2d 640, 644 (Tex. 1996)). This Court can, therefore, dismiss the Plaintiffs' single cause of action against Weycer Kaplan pursuant to Federal Rule of Civil Procedure 12(b)(6).

**PRAYER**

Weycer Kaplan prays this Court dismiss the Plaintiffs' *Complaint* as to Weycer Kaplan pursuant to Federal Rule of Civil Procedure 12(b)(6) because the Plaintiffs failed to state a claim against Weycer Kaplan upon which this Court can grant the Plaintiffs relief.

Respectfully submitted,

THOMPSON, COE, COUSINS & IRONS, L.L.P.

By: */s/ Riley F. Tunnell*
    THOMAS A. CULPEPPER
    State Bar No. 05215650
    RILEY F. TUNNELL
    State Bar No. 24115879

Plaza of the Americas
700 N. Pearl Street, Twenty-Fifth Floor
Dallas, TX 75201-2832
Telephone: (214) 871-8233
Telecopy: (214) 871-8209
Email: tculpepper@thompsoncoe.com
       rtunnell@thompsoncoe.com

**ATTORNEYS FOR WEYCER, KAPLAN, PULASKI & ZUBER P.C.**

**STATEMENT PURSUANT TO FEDERAL RULES OF
BANKRUPTCY PROCEDURE 7008 AND 7012(b)**

Defendant Weycer Kaplan consents to the entry of final orders or judgment by the Bankruptcy Court.

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I served this pleading on the parties listed below, either by the CM/ECF of the Bankruptcy Court for the Western District of Texas pursuant to Bankruptcy Local Rule 7005 or by mail on March 27, 2024.

| | | |
|---|---|---|
| Legalist DIP GP, LLC<br>c/o Bluestone, P.C.<br>1717 K Street, Suite 900<br>Washington, DC 20006<br>*Plaintiff* | Jason Bradley Binford<br>Ross Smith & Binford, PC<br>2003 N Lamar Blvd, Suite 100<br>Austin, TX 78705<br>*Plaintiff's Counsel* | Michael Z Bluestone<br>Bluestone, P.C.<br>1717 K Street, Suite 900<br>Washington, DC 20006<br>*Plaintiff's Counsel* |
| PDG Prestige, Inc.<br>c/o Michael Dixson<br>12912 Hill Country Blvd<br>Bldg. F, Suite 235<br>Austin, TX 78738<br>*Plaintiff* | Ronald E Ingalls<br>PO Box 2867<br>Fredericksburg, TX<br>78624-1927<br>*Plaintiff's Counsel* | Michael Dixson<br>12912 Hill Country Blvd.<br>Bldg. F, Suite 235<br>Austin, TX 78738<br>*Defendant* |
| Mesilla Valley Ventures, LLC<br>c/o PDGTX Inc.<br>2921 E 17th Street<br>Building B<br>Austin, TX 78702<br>*Defendant* | Michael Dixson Trust,<br>through its Trustee<br>Michael J. Dixson<br>12912 Hill Country Blvd.<br>Bldg. F, Ste. 235<br>Austin, TX 78738<br>*Defendant* | Christina Dixson<br>6 Candleleaf Ct.<br>The Hills, TX<br>78738-1444<br>*Defendant* |

Southwestern Abstract & Title Company, Inc.
c/o Karen L. Davis
1125 South Main
Las Cruces, NM 88005
*Defendant*

                                                 */s/ Riley F. Tunnell*
                                                 RILEY F. TUNNELL