FILED
APR 11 2024
U.S. BANKRUPTCY COURT
BY_____ DEPUTY

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | Chapter 7 |
| PDG PRESTIGE, INC. | § | |
| | § | Case No. 21-30107-hcm |
| Debtor. | § | |
| LEGALIST DIP GP, LLC and. | § | ADVERSARY NO. 23-03004-CGB |
| PDG PRESTIGE, INC. (by and through | | |
| Ronald Ingalls, Chapter 7 Trustee), | § | |
| *Plaintiffs*, | § | |
| v. | | |
| MICHAEL DIXSON, individually, | | |
| MESILLA VALLEY VENTURES, LLC, | | |
| MICHAEL DIXSON TRUST THROUGH | | |
| ITS TRUSTEE MICHAEL J. DIXSON, | | |
| CHRISTINA DIXSON, SOUTHWESTERN | | |
| ABSTRACT & TITLE COMPANY, INC., | | |
| and WEYCER, KAPLAN, PULASKI & | | |
| ZUBER P.C., | | |
| *Defendants.* | § | |

## DEFENDANTS MICHAEL DIXSON INDIVIDUALLY AND MICHAEL DIXSON TRUST THROUGH ITS TRUSTEE MICHAEL J. DIXSON. MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)

**COMES Now**, Defendant(s) MICHAEL DIXSON INDIVIDUALLY and MICHAEL DIXSON TRUST THROUGH ITS TRUSTEE MICHAEL J DIXSON pro se, respectfully moves this Honorable Court to dismiss Plaintiff's Legalist DIP GP, LLC ("Legalist') Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

Page 1

## I. JURISDICTION AND VENUE.

1. This Court has jurisdiction to consider this Motion under 28 U.S.C. § 157(a) and § 1334(a) as referred by Order of Reference of Bankruptcy Cases and Proceedings entered by the United States District Court for the Western District of Texas. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court under 28 U.S.C. § 1408 and § 1409. The relief requested herein may be granted in accordance with 11 U.S.C. § 105(a).

## STANDARD OF REVIEW – FEDERAL RULE OF CIVIL PROCEDURE 12(B)6

2. Pursuant to Rule 12(b)(6), the Court may dismiss a complaint for "failure to state a claim upon which relief can be granted. "In evaluating a complaint under Rule 12(b)(6), a court examines whether the pleading states a claim for relief that is "plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). A plausible claim arises when the complaint pleads sufficient facts to allow a court to draw a "reasonable inference" of the opposing party's liability for the misconduct alleged. *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937. Such inferences are context-specific and require the "reviewing court to draw on its experience and common sense" when making a determination. *Iqbal*, 556 U.S. at 663–64, 129 S.Ct. 1937. Although the standard rejects the equation of plausibility with probability, the complaint must contain more than just a "sheer possibility" of unlawful action to survive. *Xtreme Power Plan Tr. v. Schindler (In re Xtreme Power Inc.)*, 563 B.R. 614, 628-29 (Bankr. W.D. Tex. 2016).

3. In determining plausibility, a court accepts all well-pled facts in a complaint as true and views those facts in the "light most favorable to the plaintiff. "*See Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (citations omitted). Threadbare recitals of the elements

of a cause of action or mere conclusory statements, on the other hand, will not save the complaint from a motion to dismiss. Similarly, a court should not give legal conclusions couched as factual allegations any weight. *See Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937 ; *Papa san v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 2944, 92 L.Ed.2d 209 (1986). Thus, while recognizing that a motion to dismiss is "viewed with disfavor and is rarely granted," a court will only liberally construe those statements constituting actual well-pled facts in favor of the plaintiff. *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000)

### ARGUMENT AND AUTHORITIES.

4. The Plaintiff's complaint in its entirety fails to allege well-pleaded facts sufficient to state any of the four causes of action asserted. These counts all share a common theme of factual deficiencies and rely almost exclusively on factual and legal conclusions. As demonstrated below, the allegations contained in each of the four counts, when disregarding the factual and legal conclusions, are insufficient to state any valid cause of action against Defendant, Michael Dixson et al. Accordingly, Dixson respectfully asks that the Court dismiss Plaintiff's complaint with prejudice in its entirety pursuant to FED. R. CIV. P. 12(b)(6).

**A. The first count of the complaint fails to adequately state a claim for Fraud.**

5. A claim for fraud in Texas requires a showing of the following elements: (1) a material representation was made; (2) it was false when made; (3) the speaker either knew it was false, or made it without knowledge of its truth; (4) the speaker made it with the intent that it should be acted upon; (5) the party acted in reliance; and (6) the party was injured as a result. *Fluorine*

18

on Call , Ltd. v. Fluorogas , Ltd., 380 F.3d 849, 858 (5th Cir. 2004). *McAllen v. Amberson (In re Amberson)*, CASE NO. 20-51324-cag, 22 (Bankr. W.D. Tex. May. 7, 2021).

6. Rule 9(b) requires the circumstances constituting fraud to be plead with "particularity." Federal Rules of Civil Procedure Rule 9(b); Federal Rules of Bankruptcy Rule 7009. Under Rule 9's particularity requirement, the party asserting the fraud claim must allege "the existence of facts and circumstances sufficient to warrant the pleaded conclusion that fraud ha[s] occurred." *In re Haber Oil Co.*, 12 F.3d 426, 439 (5th Cir. 1994) (citing *In re Kelton Motors Inc*, 121 B.R. 166, 187 (Bankr. D. Vt. 1990)). "The allegations should allege the nature of the fraud, some details, a brief sketch of how the fraudulent scheme operated, when and where it occurred, and the participants." *Haber Oil,* 12 F.3d at 439 (citing *Askanase v. Fatjo,* 148 F.R.D. 570, 574 (S.D. Tex. 1993)); *See also, Plotkin v. IP Axess Inc.,* 407 F.3d 690, 696, *IN RE IFS FINANCIAL CORPORATION*, CASE NO: 02-39553, ADVERSARY NO. 04-03777, 4-5 (Bankr. S.D. Tex. Nov. 30, 2007).

7. In support of these elements, Plaintiff provides a laundry list of grievances that almost entirely consist of inflammatory but fact-free legal conclusions. For starters, Legalist alleges that Dixson induced Plaintiff to release its prime lien on Lot 1A to a non-debtor. No facts are provided as to when the alleged inducement took place and /or the criteria used by the Legalists to determine that Dixson knew or should have known the representations made were false. The allegations presented in the complaint are limited to Dixson's conduct but nowhere does the Plaintiff link the alleged conduct to requisite elements to sustain the fraud claim. In fact, Defendant(s) had no personal communication with Legalist during the representations made prior to, during, the transfer of Lot 1A regarding the transfer or its proceeds.

**B. The second count of the complaint fails to adequately state a claim for Fraudulent Transfer.**

8. The second count of Plaintiff's complaint must be dismissed pursuant to FED. R. CIV. P. 12(b)(6) because it does not allege well-pleaded facts sufficient to sustain a cause of action against Defendants. Specifically, the count alleges a number of statements that are insufficient to sustain this claim against Michael. An actual fraudulent transfer occurs when a debtor intends to hinder, delay, or defraud a creditor. To determine whether the debtor had actual intent to hinder, delay, or defraud a creditor, the Court considers the badges of fraud listed in § 24.005(b)

> the transfer or obligation was to an insider; (2) the debtor retained possession or control of the property transferred after the transfer; (3) the transfer or obligation was concealed; (4) before the transfer was made or obligation was incurred, the debtor had been sued or threatened with suit; (5) the transfer was of substantially all the debtor's assets; (6) the debtor absconded; (7) the debtor removed or concealed assets; (8) the value of the consideration received by the debtor was [not] reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred; (9) the debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred; (10) the transfer occurred shortly before or shortly after a substantial debt was incurred; and (11) the debtor transferred the essential assets of the business to a lienor who transferred the assets to an insider of the debtor. *In re Ramirez*, Case No. 09-70051, Adversary No. 09-7004, 6 (Bankr. S.D. Tex. Jan. 5, 2011)

9. Likewise, Legalist's allegation does not satisfy the strictures of Rule 9(b). Simply alleging that the transfer of the Sales proceeds from PDG to Dixson was fraudulent. Legalist complaint fails to set criteria to demonstrate what, where, when, and to whom those alleged frauds were and that there was an intent to defraud. Additionally, Plaintiff wholly failed in its duty of candor to this Court to disclose that it released the property in exchange for good value and consideration. A creditor's informed consent and release of claims negate any subsequent fraudulent transfer allegation if the court finds the creditor approved the transaction -- in this instance by way of unconditional release of the property which was instrumental to the transfer of the property.

10. Plaintiff alleges that Dixson orchestrated the transfer of Lot 1A but failed in its duty of full disclosure to this Court that Legalist released the property on April 18, 2022. Contrary to this assertion, Dixson was acting in good faith and Plaintiff has failed to demonstrate that

**18**

Defendant knew or should have known the transfer was fraudulent. "To determine whether a transferee acts in good faith, 'courts look to what the transferee objectively "knew or should have known'" instead of examining the transferee's actual knowledge from a subjective standpoint." *In re IFS Financial Corp.*, Case No. 02-39553, 27 (Bankr. S.D. Tex. Sep. 10, 2009). Objectively, and with full knowledge of the transaction by virtue of the subsequent release and openly disclosed valuable consideration, Legalist fails in its pleading burden.

### C. The third count of the complaint fails to adequately state a claim for unjust enrichment.

11. Unjust enrichment is defined as the unjust retention of a benefit to the loss of another, or the retention of money or property of another against the fundamental principles of justice or equity and good conscience." *Conoco, Inc. v. Fortune Prod. Co.*, 35 S.W.3d 23, 31 (Tex. App.—Houston [1st Dist.] 1998), rev'd on other grounds, 52 S.W.3d 671 (Tex. 2000). It is not in itself a cause of action in Texas but a remedy. Therefore, the pleading is fatally defective as to "unjust enrichment" as a ground for recovery. The Supreme Court has stated:

> [Unjust enrichment] "is not a proper remedy merely because it 'might appear expedient or generally fair that some recompense be afforded for an unfortunate loss'... or because the benefits to the person sought to be charged amount to a windfall."
>
> <u>Heldenfels Bros. v. City of Corpus Christi, 832 S.W.2d 39, 42 (Tex.1992)</u> (quoting Austin v. Duval, 735 S.W.2d 647, 649 (Tex. App.-Austin 1987, writ denied))

Furthermore, valid

12. Furthermore, valid, and enforceable lien contracts were in place; therefore, any claim in equity must fail as a matter of law. Legalist's position is against all Texas authorities as equity cannot be segregated from contract when indeed there is a contract in place. Texas law is abundantly clear that where there is a valid express contract, <u>either with the defendant or even with a third party covering the materials or service provided</u>, there can be no claim in equity *See Black Lake Pipe Line Co. v. Union Construction Co.*, 538 S.W.2d 80, 86 (Tex. 1976), *overruled on other*

**18**

*grounds, Sterner v. Marathon Oil Co.,* 767 S.W.2d 686 (Tex. 1989); *Christus Health v. Quality Infusion Care, Inc.,* 359 S.W.3d 719, 723 (Tex. App.--Houston [1st Dist.] 2011, no pet.); *Pepi Corp. v. Galliford,* 254 S.W.3d 457, 462 (Tex. App.--Houston [1st Dist.] 2007, pet denied); *Tricon Tool & Supply v. Thumann,* 226, S.W.3d 494, 502 (Tex. App.--Houston [1st Dist.] 2006, pet. denied).

13. Any claim in equity stated by Legalist must therefore fail as a matter of law. Legalist failed to plead with any clarity whatsoever, nor could it in good faith, that any transaction of which it complains was not covered by an existing debt or lien contract.

14. Likewise, Defendant Dixson did not receive any benefit at the expense of the Legalist. Plaintiff consented to an **unconditional** release of Lot 1A. Plaintiff has failed to demonstrate that Defendant's financial position improved or that they received any tangible or intangible benefits as a result of Plaintiff's alleged actions. Without proof of enrichment, there can be no valid claim for unjust enrichment. In the alternative, Plaintiff voluntarily released the lien without any fraud, duress, or coercion. As a result, the Plaintiff cannot now claim unjust enrichment for benefits they willingly provided.

D. **The fourth count of the complaint fails to adequately state a claim for Post Petition,**

11. The fourth count of Plaintiff's complaint must be dismissed pursuant to FED. R. CIV. P. 12(b)(6) because it does not allege well-pleaded facts sufficient to sustain a cause of action against Defendant Michael. The Defendant asserts that the alleged transfers did not involve property of the bankruptcy estate. Under 11 U.S.C. § 549(a), the trustee may avoid a transfer of property of the estate that occurs after the commencement of the case. However, Plaintiff has failed to demonstrate that the transferred assets were part of the bankruptcy estate at the time of the transfer. Without proof that the transferred property belonged to the estate, there can be no valid

**18**

claim for recovery under § 549. In alternative Defendant asserts that the transfers were made in the ordinary course of business which constitutes a valid defense under 11 U.S.C. § 549(a)(2)(A).

**PRAYER.**

Defendants pray this Court to dismiss the Plaintiffs' Complaint with Prejudice as to Defendants pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants request that the court enforce the Unconditional Release of lien provided to the Defendants, and the Title Company, Southwest Abstract and Title, Defendants request the court order Southwest Abstract Title Company to immediately release the funds being held in Escrow in the amount of $200,000.00 to Defendants and, Finally, Defendants ask for legal fees associated with this defense and sanctions in an amount determined by the court for the Plaintiff's bad faith dealings and abuse of the judicial system in this matter.

Dated: April 8th, 2024

Respectfully submitted,
Michael J. Dixson

*/s/ Michael Dixson*

**Michael Dixson Individually**
**As Trustee for the Michael Dixson Trust**
**12912 Hill Country Blvd**
**Bee Cave, TX 78738**
mdixson@pdgatx.com

18

## STATEMENT PURSUANT TO FEDERAL RULES OF BANKRUPTCY PROCEDURE 7008 AND 7012(b)

Defendant(s) consents to the entry of final orders or judgment by the Bankruptcy Court.

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that I served this pleading on the parties listed below, either by the CM/ECF of the Bankruptcy Court for the Western District of Texas pursuant to Bankruptcy Local Rule 7005 or by mail on April 9th, 2024

Legalist DIP GP, LLC
c/o Bluestone, P.C.
1717 K Street, Suite 900
Washington, DC 20006
*Plaintiff*

Jason Bradley Binford
Ross Smith & Binford, PC
2003 N Lamar Blvd, Suite 100
Austin, TX 78705
*Plaintiff's Counsel*

Michael Z Bluestone
Bluestone, P.C.
1717 K Street, Suite 900
Washington, DC 20006
*Plaintiff's Counsel*

PDG Prestige, Inc.
c/o Michael Dixson
12912 Hill Country Blvd
Bldg. F, Suite 235
Austin, TX 78738

Ronald E Ingalls
PO Box 2867
Fredericksburg, TX
78624-1927
*Plaintiff's Counsel*

Michael Dixson
12912 Hill Country Blv
Bldg. F, Suite 235
Austin, TX 78738
*Defendant*

Mesilla Valley Ventures, LLC
c/o PDGTX Inc.
2921 E 17th Street
Building B
Austin, TX 78702
*Defendant*

Michael Dixson Trust,
through its Trustee
Michael J. Dixson
12912 Hill Country Blvd.
Bldg. F, Ste. 235
Austin, TX 78738
*Defendant*

Christina Dixson
6 Candleleaf ct.
The Hills, TX
78738-1444
*Defendant*

Southwestern Abstract & Title Company, Inc. c/o
Karen L. Davis
1125 South Main
Las Cruces, NM 88005
*Defendant*

Michael J. Dixson

19