EXHIBIT 2 - EMAIL FROM DIXSON TO CARRUTH (2.15.21)

Re: PDG Prestige - WKPZ engagement letter for Chapter 11

Michael Dixson <mike@pdgnm.com>
Mon 2/15/2021 3:58 PM
To: Jeff Carruth <jcarruth@wkpz.com>

I agree to engagement letter

Get Outlook for iOS

---

**From:** Jeff Carruth <jcarruth@wkpz.com>
**Sent:** Monday, February 15, 2021 2:50:21 PM
**To:** Michael Dixson <mike@pdgnm.com>
**Subject:** PDG Prestige - WKPZ engagement letter for Chapter 11

Mike – Please see attached and text below.
Please review and if acceptable reply with "I AGREE TO ENGAGEMENT LETTER" now and then sign and scan back to me as soon as possible.
Please see especially the SPECIAL PROVISIONS section at the bottom.

February 15, 2021

PDG Prestige, Inc.
c/o Michael Dixson,
780 N. Resler Drive Suite B
El Paso TX 79912

Re: Chapter 11 bankruptcy for Las Cruces project (the "Matter")

Dear PDG Prestige, Inc.:

Thank you for selecting our firm to represent PDG Prestige, Inc. in connection with the above-referenced Matter.

### General provisions

As part of our procedure in opening new files, we feel that it is important to provide an engagement letter to our clients, the purpose of which is to generally set forth our understanding of the legal services to be rendered, and the basis upon which we are to be paid for those services. This letter comprises our agreement, the understanding between you and this firm of the services we will render on your behalf, and the fees you agree to pay for those services. Please review this letter carefully and let me know promptly if you have any questions regarding any aspect of our representation, this agreement, or our fees and charges. Unless and until this letter is modified in writing by mutual agreement of the parties, this letter will reflect the terms of our agreement regarding the above matter and any other services we may render for you in the future.

**PRODUCTION WKPZ 002 - 1**

Your primary contact at this firm is the undersigned. You are free to request a change of attorney working on your file at any time. It is important that you also understand that the attorney you work with in this firm may assign portions of your matter to other lawyers or other personnel (such as legal assistants) in this office under his or her supervision and may use or consult with other firm lawyers where specialized help is needed. The undersigned will continue to be responsible to you for the entire assignment. I am available at all times to discuss the use of other personnel with you.

The members of this firm will, at all times, act on your behalf to the best of our ability. Any expressions on our part concerning the outcome of your legal matters are expressions of our best professional judgment; however, we cannot, and do not, guarantee the outcome in any matter. Such opinions are necessarily limited by our knowledge of the facts at the time, the accuracy of the information which is furnished to us, and based on the state of the law at the time they are expressed.

From time to time, you may ask our advice regarding federal tax issues. Please be aware that the Internal Revenue Service ("IRS") does not allow you to rely on informal tax advice rendered before you file your tax return to avoid tax penalties. If you want to rely on our federal tax advice to avoid penalties, the IRS requires us to issue formal written tax opinion regarding the tax issue(s). The IRS rules also prohibit someone else from using the advice we provide to you. Please consult with the attorney in charge of your account for details or if you desire a formal legal opinion regarding tax issues.

The firm's hourly rates are changed periodically (usually at the beginning of each calendar year) based on such factors as inflation and the increased experience and expertise of individual attorneys performing the services. We are mindful of the cost of legal services and will always attempt to use associates, legal assistants, and law clerks whenever appropriate to keep the cost of our services as low as possible.

Our procedure is to bill promptly after the first of the month for services rendered and disbursements incurred (copying expense, long distance telephone calls, travel, fax and other out-of-pocket charges). In litigation matters, we include payments we must make for process service, court reporters (depositions), witness fees, and other charges related to the litigation. We also make separate charges for the use of "*Lexis*" or "*Westlaw*," which are computerized legal research systems, which, in our experience, can serve to reduce lawyer research time. We may also request that significant disbursement items be billed directly to you for payment or paid to us in advance of the time that such services for such items are incurred.

We are currently requesting a retainer in the amount of **$24,000** (the "Retainer"). Our policy on representation in connection with new clients is to require an advance Retainer. Such Retainer would be an advance that we will credit against any work that we do for you. ***When the Retainer is exhausted, we may request that you replenish the Retainer before continuing with further work.*** In addition, we may require additional Retainers if necessary. At this time, because of the prior relationship between you and the firm we are not requesting a Retainer, although we may request a retainer in the future. *Please note the credit card payment button under "PAY NOW" at www.wkpz.com, as well as the credit card authorization form and the wire instructions that accompany this letter.*

*In the event we are representing an entity in which you have an ownership position, we are doing so on the express condition that, upon your execution of this letter, you agree to be personally responsible for the obligations of such entity to this firm.* (However, this guaranty will not apply during the period(s) of time that we are required to be disinterested under the Bankruptcy Code to represent the client entity in the Chapter 11 bankruptcy case).

PRODUCTION WKPZ 002 - 2

Payment on any outstanding balance to the firm is due thirty (30) days after the date of our invoice. If we do not receive comment about such invoice within thirty (30) days of the invoice date, we will assume that you have reviewed the bill and find it acceptable. Invoices that remain unpaid after thirty (30) days will be subject to a late charge of 1.5 percent per month (18% per annum) on the unpaid balance commencing from the date of the invoice and continuing until paid. Please make your payment (in U.S. dollars) to "Weycer, Kaplan, Pulaski & Zuber, P.C." If any of our invoices remain unpaid for more than thirty (30) days from the date thereon, we may, consistent with our ethical obligations and judicial requirements, cease performing services for you, and withdraw from your case unless and until arrangements satisfactory to us have been made for payment of arrearages and prospective future fees.

ANY AND ALL DISPUTES WHICH MAY ARISE UNDER THIS FEE AGREEMENT AND IN CONNECTION WITH THE FIRM'S FEE ENGAGEMENT ON THIS MATTER (AND FUTURE MATTERS) SHALL BE RESOLVED SOLELY BY ARBITRATION AND IN ACCORDANCE WITH THE COMMERCIAL RULES OF THE AMERICAN ARBITRATION ASSOCIATION (ALTHOUGH THE PARTIES MAY MUTUALLY AGREE UPON A DIFFERENT TRIBUNAL TO ARBITRATE ANY SUCH DISPUTE). Texas law shall govern the engagement of the firm. Venue for any dispute shall be the courts of Tarrant County, Texas.

**The firm reserves the right to withdraw this engagement letter at any time prior to your execution of this letter and the receipt of the Retainer. Furthermore, this engagement letter shall be considered to be withdrawn by the firm without further action or communication if, within ten (10) days of this date of this letter, (*i*) this letter is not signed and returned in the manner described below and (*ii*) the Retainer is not provided to the firm. Time is of the essence.**

Subsequent to the execution of this letter and the payment of the Retainer, the firm may withdraw from the representation on account of the non-payment of fees and expenses, or the failure to provide any further retainer requested by the firm, as provided in this letter.

If our engagement extends beyond the initial engagement matter, this letter shall also apply as if such letter was specifically prepared for such subsequent matters handled by our firm.

The firm at its discretion also may maintain some or all of its files for this matter in electronic format and discard paper copies of items after the items are scanned or imaged and saved for future use.

*We communicate primarily through email messages and telephone communications. The use of SMS or text messages is discouraged due to ethical concerns and record keeping.*

If you have any questions at all about any aspect of our representation, our fee arrangement, statements, or invoices, please feel free to contact the undersigned. We make every attempt to be fair in our billing. Therefore, if you have any concerns with our fees, please help us resolve any problems you may have. It is important to us that we proceed on a mutually clear and satisfactory basis in our work for you. We welcome discussion of all of the matters contained herein, and we encourage you to be forthright with us. Otherwise, if this engagement letter is acceptable to you, please sign and date in the space provided, and return as soon as possible this letter bearing your original signature in ink.

### Special provisions

The payment of the fees of the firm after the filing of the petition may be subject to the provisions of the Bankruptcy Code and approval by the applicable court.

**PRODUCTION WKPZ 002 - 3**

WE ARE FILING AN EMERGENCY BANKRUPTCY PETITION TODAY BASED UPON THE $1,000 PREVIOUSLY PAID FOR THIS ENTITY, AND THE $1,800 WE EXPECT TO RECEIVE TODAY FOR THE FILING FEE.

WE WILL NOT FILE THE BANKRUPTCY CASE UNTIL WE RECEIVE THE $1,800 TO COVER THE FILING FEE.

WE WILL TAKE NO FURTHER ACTION IN THE BANKRUPTCY CASE AND WE WILL FULFILL NO DEADLINES UNLESS AND UNTIL YOU PAY THE $24,000 INITIAL RETAINER.  *THIS MEANS THE CASE COULD BE DISMISSED OR OTHER ADVERSE ACTION COULD OCCUR IF WE DO NOT RECEIVE PAYMENT.*

WE ALSO RESERVE THE RIGHT TO WITHDRAW FROM THE BANKRUPTCY CASE IF AND UNTIL YOU PAY THE $24,000 INITIAL RETAINER.

*{continued on following sheet}*

Again, thank you for selecting our firm for your legal representation.

Very truly yours,

WEYCER, KAPLAN, PULASKI & ZUBER, P.C.

By: _____
     Jeff Carruth

AGREED and ACCEPTED this _____ day of _____, 2021:

**PDG Prestige, Inc.**

By: _____
     Michael Dixson

**AGREED / GUARANTOR**

_____
Michael Dixson

**PAYMENT INFORMATION:**

***CREDIT CARD PAYMENT URL:*** https://www.wkpz.com/pay_now.php

PRODUCTION WKPZ 002 - 4

*Wire instructions appear below.*

### PLEASE SEND RETAINER AND PAYMENT CHECKS TO:

WEYCER, KAPLAN, PULASKI & ZUBER, P.C.
Attn. Linda Duke
24 Greenway Plaza, Suite 2050
Houston, Texas 77046

Jeff Carruth



*Trusted Legal Advisors Since 1976*

DALLAS ▪ HOUSTON ▪ AMARILLO
*D.* (713) 341-1158
*M.* (214) 552-7242
*F.* (866) 666-5322

jcarruth@wkpz.com
www.wkpz.com

This communication and any attachments to it are confidential and intended solely for the use of the person to whom they are addressed. If you have received this e-mail in error, please notify us by telephone immediately at (713) 961-9045, and you are notified that any disclosure, distribution, or the taking of any action in reliance on the contents of this information is prohibited. Nothing in this message may be construed as a digital or electronic signature of any employee of Weycer, Kaplan, Pulaski & Zuber, P.C. ("WKPZ"). WKPZ automatically blocks e-mails containing objectionable language or suspicious content. Messages sent to WKPZ should be considered received only if confirmed by a return receipt. The IRS does not allow the use of informal tax advice, such as this communication, to avoid tax penalties. WKPZ expressly reserves and maintains any attorney-client privilege or work-product protections in this communication.

**PRODUCTION WKPZ 002 - 5**